**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| XAVIER NAILING,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>　　　　　　Defendants. | Case No. 2:22-cv-07224-AB (JC)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, the records on file, and the Report and Recommendation ("Report") of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

　　　The Report recommends the grant of Defendants' motion for summary judgment as to Plaintiff's claim of unlawful arrest and related claims. (Dkt. No. 57.) For the following reasons, Plaintiff's objections to the Report (Dkt. No. 58) do not warrant a change in the Magistrate Judge's findings or recommendation.

　　　Plaintiff objects that that he raised genuine issues of disputed acts under the United States Victims Bill of Rights, the California Constitution, and Marsy's Law.

(Dkt. No. 58 at 1.)  This conclusory objection does not point to a genuine issue of material fact.

Plaintiff objects that the Report misstated facts about the incident leading to his arrest, specifically, the location where he was assaulted by Hugo Mazareigo and whether there was an eyewitness to the assault.  (Dkt. No. 58 at 1-2.)  To the contrary, this objection does not overcome the Report's analysis that Plaintiff did not raise a genuine issue of material fact as to his false arrest claim.  As the Report found, Defendants "had probable cause to arrest Plaintiff because the information they had at that time was reasonably trustworthy and would lead a reasonably prudent person to believe Plaintiff had committed an assault with a deadly weapon."  (Dkt. No. 57 at 15) (citation omitted).  Moreover, as to the eyewitness, the Report reasonably found that "while an interview with this alleged witness might have provided some evidence that could suggest self-defense, it would not have negated probable cause."  (*Id*. at 18) (citation omitted).

Plaintiff objects that he did not receive evidence, such as body cam video and audiotape of his 911 calls.  (Dkt. No. 58 at 2.)  The record shows, however, that Plaintiff's requests failed to comply with the Court's local rules regarding discovery, which require a joint stipulation or a declaration justifying the absence of same.  (Dkt. Nos. 33-34, 37.)

Plaintiff suggests that this case is governed by admiralty law and that he is a natural person.  (Dkt. No. 58 at 3.)  This objection does not raise a genuine dispute of material fact.

Finally, Plaintiff objects that the Court should take judicial notice of his state court civil action against Mazareigo, the person who assaulted him.  (Dkt. No. 58 at 3.)  The Report has already addressed this argument thoroughly.  As the Report explained, while the Court takes judicial notice of public court filings and other undisputed matters of public record, it does not take judicial notice of any disputed facts contained within such filings.  (Dkt. No. 57 at 2 n.2.)

The Court agrees with, accepts, and adopts the findings, conclusions and recommendations of the Magistrate Judge reflected in the June 11, 2024 Report and Recommendation of United States Magistrate Judge.

IT IS HEREBY ORDERED that (1) Plaintiff's request for judicial notice is granted in part and denied in part as detailed in the Report and Recommendation; (2) Defendants' Motion for Summary Judgment is granted and summary judgment is granted in favor of Defendants and against Plaintiff; and (3) Judgment be entered accordingly.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment on Plaintiff and counsel for Defendants.

IT IS SO ORDERED.

DATED: August 15, 2024

_____
ANDRÉ BIROTTE, JR.
UNITED STATES DISTRICT JUDGE